# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY,<br><br>        Plaintiff,<br><br>vs.<br><br>WEXFORD, INC.,<br>JOHN DOE #1, and<br>RON SKIDMORE,<br><br>        Defendants. | Case No. 19-cv-00752-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deandre Bradley is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"). The instant case was severed from *Bradley v. Wexford, Inc., et al.*, Case No. 19-cv-00733-NJR on July 11, 2019. (Doc. 1). It contains the claim designated as Count 10 in the original case, described as follows:

> **Count 10:** Eighth Amendment deliberate indifference claim against Wexford, John Doe #1, and Skidmore related to his wheelchair and seat cushion issues.

This severed action also includes that portion of Plaintiff's request for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction pertaining to the claim at issue in Count 10.[1] Specifically, Plaintiff asks to be seen by a wheelchair specialist, to have a new wheelchair and cushion purchased, and to "be fitted and prescribed a wheelchair." (Docs. 2 and 3). Because

---

[1] Any other issues raised in Plaintiff's request for a TRO and/or preliminary injunction remain in the original case.

1

Plaintiff seeks a TRO, the Court will consider this request without delay. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

Plaintiff alleges that he is a paraplegic and cannot walk. He must use a wheelchair and suffers from pressure sores. Plaintiff seeks a new wheelchair and seat cushion. He has advised Menard officials of his needs and they have refused to accommodate him. His current wheelchair is large and heavy and he is unable to propel it on his own. It is dangerous to his pre-existing conditions which include hypertension and asthma. He needs a specialized seat cushion in his wheelchair to prevent pain and pressure sores.

A TRO is an order issued without notice to the party to be enjoined, and it may last no more than fourteen (14) days. *See* Fed. R. Civ. P. 65(b)(2). It may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

Without expressing any opinion on the merits of Plaintiff's claim for relief, the Court concludes that a TRO is not warranted at this time. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate or irreparable harm *before Defendants can be heard.* Plaintiff has been provided with a wheelchair and a seat cushion. The fact that the wheelchair and seat cushion may be inadequate does not suggest that there is a substantial risk of serious injury that warrants a TRO. Accordingly, the request for TRO is denied without prejudice.

Although Plaintiff specifically requested a TRO on this issue, it is apparent that, in the alternative, he is seeking a preliminary injunction. The Court will defer ruling on Plaintiff's

request for a preliminary injunction.  As to his request for a preliminary injunction, Plaintiff is reminded that, on July 11, 2019, the Court ordered Plaintiff to inform the Court, on or before August 15, 2019, whether he wants to proceed with this severed action. (Doc. 5).  Plaintiff is **ADVISED** that the Court will not address his request for a preliminary injunction or screen the case pursuant to 28 U.S.C. § 1915A until Plaintiff complies with this directive.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's request for temporary restraining order is **DENIED**, and the Court **DEFERS** ruling on the request for preliminary injunction.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 12, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE
United States District Judge**