# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, #M05197, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 19-cv-00752-SMY |
| | ) |
| WEXFORD, INC., | ) |
| DR. M. SIDDIQUI, and | ) |
| RON SKIDMORE, | ) |
| | ) |
|           Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Deandre Bradley is an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"). The instant case, severed from *Bradley v. Wexford, Inc., et al.*, Case No. 19-cv-00733-NJR on July 11, 2019 (Doc. 1), contains the claim designated as Count 10 in the original case:

> Count 10: Eighth Amendment deliberate indifference claim against Wexford, John Doe #1, and Skidmore related to his wheelchair and seat cushion issues.[1]

Plaintiff's Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner Complaints to

---

[1] This severed action also included that portion of Plaintiff's request for a Temporary Restraining Order (TRO) and/or Preliminary Injunction pertaining to the claim at issue in Count 10. (Docs. 1, 3). Plaintiff's request for a TRO was denied without prejudice on July 12, 2019 and the Court deferred ruling on Plaintiff's request for a preliminary injunction. (Doc. 6). At that time, the Court was awaiting notification from Plaintiff as to whether he wanted to proceed with this severed action. (Doc. 5). The Court advised Plaintiff it would not address his request for a preliminary injunction or screen the case pursuant to 28 U.S.C. § 1915A until such notification. (Doc. 6). Plaintiff has now filed an Amended Complaint (Doc. 7) and an Amended Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8). The Court construes these pleadings as Plaintiff's notification that he wishes to proceed with this severed action.

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## **The Amended Complaint**

Plaintiff makes the following allegations in the Amended Complaint: Plaintiff is a paraplegic and cannot walk. He must use a wheelchair and suffers from pressure sores. He was given a wheelchair that was large and heavy. It was dangerous in combination with his hypertension and asthma. The ill-fitting wheelchair made it difficult for Plaintiff to go about daily activities and caused him to suffer pain. Plaintiff needs a properly fitted wheelchair and a specialized seat cushion to prevent pain and pressure sores.

Plaintiff advised Dr. Siddiqui and Ron Skidmore of his needs and they refused to accommodate him. He asked them to send him to a specialist for a proper wheelchair fitting and they also refused that request. Dr. Siddiqui and Skidmore told Plaintiff that cost was an issue. Plaintiff was recently provided a smaller, lighter wheelchair but it does not address all of his needs.

Wexford does not employ any physicians who can properly fit and prescribe adequate wheelchairs. Wexford has refused to provide Plaintiff a proper wheelchair and the specialized seat cushion because of the costs.

Based on the allegations of the Amended Complaint, the Court modifies Count 10 and designates Count 13 as follows:

> Count 10: Eighth Amendment deliberate indifference claim against Wexford, Siddiqui, and Skidmore related to his wheelchair and seat cushion issues.
> Count 13: ADA and/or RA claim against Wexford for failing to employ an individual who can properly fit and prescribe adequate wheelchairs.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding their merit. Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

### Discussion

### Count 10

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim for deliberate indifference, an inmate must allege that (1) he suffered from an objectively serious medical condition; and (2) defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

The allegations in Count 10 are sufficient to proceed against Dr. Siddiqui, Skidmore, and Wexford. As a private corporation that contracts to provide health care for inmates, Wexford can be held liable under 28 U.S.C. § 1983 if a constitutional violation is caused by policy or custom of the corporation. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *see also Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) and *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). Here, Plaintiff alleges a widespread practice by Wexford to deny medical care, including necessary medical equipment, to save costs.

---

[2] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Count 13**

Pursuant to the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and RA is the same, except that the RA includes as an additional requirement the receipt of federal funds. *Jaros v. Illinois Dep't of Corrs.*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both statutes includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted).

Plaintiff's ADA claim against Wexford fails because it is not a public entity. Title II defines a "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). The majority of courts in this Circuit have refused to recognize a private corporation as an instrumentality of the State of Illinois simply because it contracts with the Illinois Department of Corrections to provide medical services to inmates. See, *Peters v. Butler*, No. 16-CV-382-NJR-MAB, 2019 WL 1304223, at *2 (S.D. Ill. Mar. 21, 2019) (citing *Morris v. Baldwin*, 2018 WL 6682838, at *2 (S.D. Ill. Dec. 3, 2018) (and cases cited therein); *Hogle v. Baldwin*, 2017 WL 4125258, at *6 (C.D. Ill. Sept. 18, 2017); *McIntosh v. Corizon*, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018)).

By contrast, RA claims are not restricted to public entities. *Ruffin v. Rockford Memorial Hosp.*, 181 Fed.Appx. 582, 584 n** (7th Cir. 2006). That said, Plaintiff fails to state a colorable

RA claim because he does not allege that Wexford receives federal funds, nor does he allege the denial of access to a program or service because of his disability. Instead, he alleges that Wexford violated the RA by failing to employ an individual who can properly fit and prescribe adequate wheelchairs.

For the foregoing reasons, Count 13 will be dismissed without prejudice.

## Requests for Injunctive Relief

As part of the Amended Complaint, Plaintiff seeks a Temporary Restraining Order and Preliminary Injunction. (Doc. 7). Specifically, he asks to be seen by a wheelchair specialist, to be properly fitted for a wheelchair, and requests that a new wheelchair and specialized seat cushion be purchased for him. Plaintiff also filed an Amended Motion for Temporary Restraining Order and Preliminary Injunction seeking the same relief. (Doc. 8). Plaintiff's TRO and preliminary injunction requests are the same as in the original Complaint and the prior motion for TRO and preliminary injunction. As nothing has changed with regards to the previously denied request for a TRO, it is again **DENIED**.

Plaintiff's request for a preliminary injunction remains pending, and the Court will consider the allegations in the first motion and the amended motion for the preliminary injunction request. Defendants shall respond to the motions for preliminary injunction within 14 days of service of the pleadings in this case.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED** and a ruling on the request for preliminary injunction is **DEFERRED**. Defendants are **ORDERED** to respond to the motions for preliminary injunction within 14 days of service of the pleadings in this case.

**IT IS HEREBY ORDERED** that **COUNT 10** will proceed against Defendants **WEXFORD INC, SIDDIQUI,** and **SKIDMORE**. **COUNT 13** is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **WEXFORD INC, SIDDIQUI,** and **SKIDMORE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the

judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, Defendants will enter their appearance and file Answers to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**