UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEANDRE BRADLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Cause No. 3:19-cv-752-GCS |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **RON SKIDMORE, and** ) | |
| **MOHAMMAD SIDDIQUI,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

This matter comes before the Court on a motion to dismiss (Doc. 63) filed by Defendants Mohammad Siddiqui and Wexford Health Sources, Inc. On March 2, 2020, the Court entered an initial scheduling order that, in part, set a May 4, 2020 deadline for Plaintiff Deandre Bradley to pay his initial partial filing fee or to demonstrate that he lacks the financial means to do so. Due to Administrative Order No. 261, as amended, the Court *sua sponte* extended that deadline by 60 days through July 6, 2020.

On July 1, 2020, Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to pay his initial filing fee by the Court's extended deadline. The Court directed Bradley to respond to Defendants' motion and to pay his initial filing fee, or demonstrate his inability to do so, on or before August 3, 2020. Bradley was warned that the failure to do so would result in dismissal of this action for

failure to abide by an order of the Court. That deadline has come and gone, and Bradley has not responded.

Rule 41(b) permits dismissal of an action upon motion by a defendant where a plaintiff fails to comply with a court order. When weighing a Rule 41(b) motion, district courts should consider:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931–932 (7th Cir. 2018)(quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)).

Here, Bradley is an experienced and active *pro se* litigant who has prosecuted many actions in this Court. In June 2020, at his request, he was granted CM/ECF e-filing access to improve his access to the Court. Bradley has had five months to either pay the $2.53 initial partial filing fee or to demonstrate that he does not have the means to do so, and his litigation history demonstrates that he understands the importance of meeting deadlines set by the Court. Defendants served Bradley with a copy of their motion to dismiss, and the Court sent Bradley the order setting extended deadlines for resolving his filing fee issue and for responding to Defendants' motion. The order also warned Bradley of the consequences he faced for failing to respond.

While the failure to pay the initial partial filing fee does not prejudice Defendants directly, the Court finds that Plaintiff's failure to respond to their motion and his failure

to act in response to the Court's order and warning warrants dismissal of this action pursuant to Rule 41(b). Accordingly, the Court **GRANTS** Defendants' motion to dismiss (Doc. 63) and **DISMISSES with prejudice** this action pursuant to Rule 41(b).

    **IT IS SO ORDERED.**

    Dated:  August 10, 2020.

Digitally signed by Judge Sison
Date: 2020.08.10 16:20:13 -05'00'

_____
GILBERT C. SISON
United States Magistrate Judge